1

2

3

4

5

6

7

8                    IN THE UNITED STATES DISTRICT COURT

9                   FOR THE EASTERN DISTRICT OF CALIFORNIA

10   CHARLES EDWARD HUNTLEY,

11            Plaintiff,                    No. CIV S-09-2579 DAD P

12        vs.

13   YUEN CHEN, et al.,                     ORDER AND

14            Defendants.                   FINDINGS AND RECOMMENDATIONS

15   _____/

16            Plaintiff is a state prisoner proceeding pro se.  Plaintiff seeks relief pursuant to 42

17   U.S.C. § 1983 and has filed an application to proceed in forma pauperis under 28 U.S.C. § 1915.

18   This proceeding was referred to the undersigned magistrate judge in accordance with Local Rule

19   72-302 and 28 U.S.C. § 636(b)(1).

20                          **PLAINTIFF'S COMPLAINT**

21            In his complaint, plaintiff identifies Yuen Chen and Alvaro Traquina as the

22   defendants in this action and alleges that he is receiving inadequate medical care at CSP-Solano.

23   In terms of relief, plaintiff requests a court order allowing him to see a heart specialist.  (Compl.

24   at 2.)

25   /////

26   /////

1

## EXHAUSTION OF ADMINISTRATIVE REMEDIES

The Prison Litigation Reform Act of 1995, 42 U.S.C. § 1997e was amended to provide that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). The exhaustion requirement "applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." Porter v. Nussle, 534 U.S. 516, 532 (2002).

The United States Supreme Court has ruled that exhaustion of prison administrative procedures is mandated regardless of the relief offered through such procedures. Booth v. Churner, 532 U.S. 731, 741 (2001). The Supreme Court has also cautioned against reading futility or other exceptions into the statutory exhaustion requirement. Id. at 741 n.6. Moreover, because proper exhaustion is necessary, a prisoner cannot satisfy the PLRA exhaustion requirement by filing an untimely or otherwise procedurally defective administrative grievance or appeal. Woodford v. Ngo, 548 U.S. 81, 90-93 (2006).

Under regulations governing prison grievance procedures in California, state prisoners "may appeal any departmental decision, action, condition, or policy which they can reasonably demonstrate as having an adverse effect upon their welfare." Cal. Code Regs. tit. 15, § 3084.1(a). The administrative appeal system progresses from an informal review through three formal levels of review. See Cal. Code Regs. tit. 15, §§ 3084.1-3084.7. In light of the Supreme Court's holding in Booth, a California prisoner must file a prison grievance on all claims challenging prison conditions and, as a general rule, proceed to the director's level of review prior to bringing a § 1983 action on those claims, regardless of whether the relief sought by the prisoner is available through the administrative appeal system.

/////
/////

**DISCUSSION**

On plaintiff's original complaint form, Question II.C. asks "Did you present the facts in your complaint for review through the grievance procedure?"  Plaintiff has marked the "Yes" space.  Question II.D. states "If your answer is YES, list the appeal number and the date and result of the appeal at each level of review.  If you did not pursue a certain level of appeal explain why."  In the space provided, plaintiff states that he filed his initial 602 on July 30, 2009 but has yet not received a response from the medical department.  Plaintiff has attached to his complaint correspondence from prison officials dated August 17, 2009, informing him that his appeal has been assigned to the Health Care Appeals Office for a first level response.  Question II.E. asks "Is the last level to which you appealed the highest level of appeal available to you?"  Plaintiff has marked the "No" space.  He states that he needs immediate action.  (Compl. at 1-2 & Exs.)  On August 28, 2009, plaintiff commenced this action by filing his civil rights complaint.

A prisoner's concession to nonexhaustion is a valid ground for dismissal of an action.  Wyatt v. Terhune, 315 F.3d 1108, 1120 (9th Cir. 2003).  Although plaintiff has recently filed an administrative grievance at CSP-Solano regarding his alleged inadequate medical care, it is well established that a court is required to dismiss an action without prejudice where a prisoner fails to exhaust administrative remedies prior to filing suit.  See Vaden v. Summerhill, 449 F.3d 1047, 1051 (9th Cir. 2006) (a prisoner "may initiate litigation in federal court only after the administrative process ends and leaves his grievances unredressed"); McKinney v. Carey, 311 F.3d 1198, 1199 (9th Cir. 2002) (rejecting prisoner's request for a stay so that he could pursue exhaustion of administrative remedies).  Where, as here, a court concludes that a prisoner has not exhausted administrative remedies, "the proper remedy is dismissal of the claim without prejudice."  Wyatt, 315 F.3d at 1120.  Accordingly, given plaintiff's acknowledgment of non-exhaustion, the undersigned will recommend that this action be dismissed without prejudice.[1]

---

[1]  Dismissal without prejudice will permit plaintiff to file a new action upon exhaustion of the prison grievance process.

**CONCLUSION**

IT IS HEREBY ORDERED that the Clerk of the Court is directed to randomly assign a United States District Judge to this action.

IT IS HEREBY RECOMMENDED that:

1. Plaintiff's August 28, 2009 motion to proceed in forma pauperis (Doc. No. 2) be denied; and

2. This action be dismissed without prejudice for failure to exhaust administrative remedies prior to bringing this action.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within twenty days after being served with these findings and recommendations, plaintiff may file written objections with the court. A document containing objections should be titled "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. See Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: September 18, 2009.

DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:9
hunt2579.efr

4